IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
May 20, 2008 Session

**STATE OF TENNESSEE v. KIM MCBRIDE MURPHY**

**Direct Appeal from the Criminal Court for Cumberland County**
**No. 9541     John Turnbull, Judge**

**No. E2007-02647-CCA-R3-CD - Filed October 17, 2008**

Following a bench trial in Cumberland County, the defendant, Kim McBride Murphy, was convicted of driving under the influence (DUI), a Class A misdemeanor, and sentenced to eleven months and twenty-nine days, with thirty days to be served in confinement. The defendant filed a timely motion for new trial, which the trial court orally denied. No written order of the denial is included in the record, however. On appeal, the defendant contends that the evidence is insufficient to support her conviction for DUI. After review of the record, we conclude that we lack jurisdiction in the case because the record contains no written denial of the motion for new trial. Accordingly, the appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JERRY L. SMITH and THOMAS T. WOODALL, JJ., joined.

David Brady, District Public Defender, and John B. Nisbet, III, Assistant Public Defender, for the appellant, Kim McBride Murphy.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Assistant Attorney General; Anthony J. Craighead, District Attorney General; and Mark E. Gore, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Procedural History**

The defendant was arrested and charged with DUI after an officer from the Crossville Police Department observed that her van had traveled off the road and knocked over a sign. Upon approaching the vehicle, the officer saw the defendant "holding onto the door of the van" and saw the defendant's eleven-year-old son inside the vehicle. The officer also noticed that the defendant had trouble locating her driver's license, had dark and swollen eyes, was unsteady on her feet, and had slurred speech. She was also unable to successfully complete multiple field sobriety tests.

When the officers attempted to place the defendant under arrest, she became belligerent and had to be forced into the police car. Upon arrival at the police station, she refused to submit to a blood or breath test.

The defendant was subsequently indicted by a Cumberland County grand jury for one count of DUI and one count of child endangerment. The State subsequently dismissed the child endangerment charge, and a bench trial was conducted on the DUI charge. After hearing the evidence presented, the trial court found the defendant guilty as charged. She was subsequently sentenced to a term of eleven months and twenty-nine days, thirty days of which was to be served in confinement. Following entry of judgment, the defendant filed a timely motion for new trial. The trial court orally denied that motion, but no written order denying the motion is included in the record. Notice of appeal was subsequently filed.

## Analysis

On appeal, the defendant raises the single issue of sufficiency of the evidence. However, prior to reviewing that issue, we must first address the State's contention that this court should dismiss the appeal for lack of jurisdiction because there is no written order denying the motion for new trial included in the record.

The State is correct that the Tennessee Rules of Appellate Procedure require us to determine if we have jurisdiction in every case on appeal. Tenn. R. App. P. 13(b). In criminal cases, an appeal as of right lies from a final judgment of conviction. Tenn. R. App. P. 3(b). Such appeal is initiated by filing a notice of appeal within thirty days of the final judgment date. Tenn. R. App. P. 4(a). In criminal actions, "if a timely motion or petition under the Tennessee Rules of Criminal Procedure is filed in the trial court by the defendant . . . under Rule 33(a) for a new trial, . . . the time for appeal for all parties shall run from entry of the order denying a new trial. . . ." Tenn. R. App. P. 4(c). Until the trial court denies the motion for a new trial, this court does not have jurisdiction over the case. *See e.g.*, *State v. James Lee Foreman, II*, M2002-02595-CCA-R3-CD (Tenn. Crim. App. at Nashville, Mar. 4, 2004) (dismissing appeal for lack of jurisdiction because appellate record did not contain a written order denying the motion for a new trial, a transcript of the hearing on the motion for a new trial, or a document showing that the trial court denied the motion for a new trial); *see also State v. Dorris Nell Jones*, No. M2007-00791-CCA-R3-CD (Tenn. Crim. App. at Nashville, Feb. 27, 2008) (dismissing appeal for lack of jurisdiction because the record did not contain a motion for new trial, the trial court's hearing on the motion, or an order denying the motion); *State v. Terry Lynn Byington*, No. E2006-02069-CCA-R3-CD (Tenn. Crim. App. at Knoxville, Nov. 26, 2007) (dismissing appeal for lack of jurisdiction because the appellate record did not contain the motion for a new trial or written order that the motion for a new trial was denied), *Tenn. R. App. P. 11 application granted*, (Tenn. June 14, 2008); *State v. Gregory O. Cherry*, No. W2006-00015-CCA-R3-CD (Tenn. Crim. App. at Jackson, July 27, 2007) (dismissing appeal for lack of jurisdiction because the record did not contain an order or transcript of any proceeding showing that disposition was made on the motion for a new trial); *State v. Brent Tolbert*, No. M2006-01621-CCA-R3-CD (Tenn. Crim. App. at Nashville, June 28, 2007) (dismissing appeal for lack of jurisdiction because

the trial court "never entered a written order denying the motion" for a new trial); but *see State v. Perry A. March*, No. M2006-02732-CCA-R3-CD (Tenn. Crim. App., at Nashville, July 15, 2008) (a minute entry entered by the trial court, which is contained in the appellate record, is effective to overrule the motion for new trial and confer jurisdiction on this court).

We also note the recent case of *State v. Kevin Allen Gentry*, No. E2007-02029-CCA-R3-CD (Tenn. Crim. App. at Knoxville, July 30, 2008), in which a panel of this court dismissed the appeal for lack of jurisdiction. In that case, just as in the case before us, a copy of the motion for new trial was included, along with a transcript of the motion for new trial hearing which contained an oral denial by the trial court of the motion. *Id*. However, no written denial of the motion was included in the record nor was a minute entry indicating the denial. *Id*. In the opinion, the court noted that on May 5, 2008, the Tennessee Supreme Court granted permission to appeal in *State v. Terry Lynn Byington*, one of the cases which was relied upon to reach the determination that the court had no jurisdiction. In the order granting the appeal, our supreme court stated, "For oral argument, the Court is particularly interested in the following issue: Whether appellate jurisdiction can be conferred through a minute entry indicating denial of the motion for new trial, without the entry of a separate written order." *Id*. While noting that the Tennessee Supreme Court would soon be providing guidance in the matter, the court in *Gentry* dismissed the appeal based upon the current state of the law. *Id*.

Likewise, we must conclude that the current state of the law requires that a written order disposing of the motion for new trial be contained in the record in order to confer jurisdiction upon this court to review any issues appealed. Because there is no such order contained in the record before us, we must dismiss the appeal for lack of jurisdiction.

**CONCLUSION**

Based upon the foregoing, the appeal is dismissed.

_____
JOHN EVERETT WILLIAMS, JUDGE